IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

GREGORY A. WINSTON and
MICHAEL P. JONES,

      Plaintiffs,

v.                                        Case No. 3:22-cv-00364

WEST VIRGINIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION;
WESTERN REGIONAL JAIL;
BETSY JIVIDEN; CARL ALDRIDGE;
J. MOORE; and M. BRYANT,

      Defendants.

**MEMORANDUM OPINION and ORDER**

    Two prisoners at the Western Regional Jail and Correctional Center in Barboursville, West Virginia have jointly filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants are interfering with their right to receive religious and educational materials through the mail. Plaintiffs request prospective injunctive relief, punitive damages, and fees and costs.

    Although the United States Court of Appeals for the Fourth Circuit has not explicitly ruled that multiple prisoners are prohibited from joining together as plaintiffs in a single § 1983 action, at least one circuit has determined that the Prison Litigation Reform Act ("PLRA") bars such joinders. *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th Cir. 2001) (holding that PRLA requirement of a separate filing fee for each prisoner prevents prisoners from joining claims under Fed. R. Civ. P. 20). "Even in light of more flexible holdings in other circuits regarding the permissive joinder of multiple prisoner

plaintiffs, *see Hagan v. Rogers,* 570 F.3d 146, 157 (3d Cir. 2009); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004); *In re Prison Litigation Reform Act,* 105 F.3d 1131, 1137-38 (6th Cir. 1997), courts in [the Fourth Circuit] have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action." *Griffin v. Nettles,* No. 4:18-cv-02469-RBH-TER, 2018 WL 4701293 (D.S.C. Nov. 22, 2013) (collecting cases); *also Sutcliffe v. Cain,* No. 4:16-2939-MBS-TER, 2016 WL 4804069, at *1 (D.S.C. Sept. 13, 2016); *Galeas v. United States*, No. 5:14-CT-3225-F, 2015 WL 1433547, at *1 (E.D.N.C. Mar. 27, 2015); *Fleming v. Francis,* No. 5:13–CV–21991, 2014 WL 2589755, at *1 (S.D.W. Va. June 10, 2014) ("The undersigned finds that multiple-prisoner plaintiffs may not proceed in forma pauperis in the same civil action"); *Watterson v. Terrell,* No. 1:10CV184–RJC, 2010 WL 3522331, at *1 (W.D.N.C. Sept. 7, 2010) (finding that multiple plaintiffs subject to the PLRA may not join a lawsuit "so as to pro-rate the mandatory filing fee."); *Greene v. Phipps,* No. 7:09-cv-00100, 2009 WL 3055232, at *6 (W.D. Va. Sept. 24, 2009) (citing to the conclusion in *Hubbard* that by joining parties and claims in one case, prisoners seek to bypass the PLRA's three-strikes provision and filing fee requirement).

      Another persuasive reason for disallowing multiple prisoners to join in one § 1983 complaint is the well-settled principle that "it is plain error for a pro se inmate to represent other inmates in a class action," *Fowler v. Lee,* 18 Fed. Appx. 164, 165 (4th Cir. 2001). Moreover, while the mail handling about which the plaintiffs complain is described as being in violation of policy and procedure, it is clear from the complaint that the transactions in dispute are different, involving different types of mail and different defendants. Consequently, joinder is not appropriate for the additional reason that each plaintiff's claim will require individualized determinations. *See Griffin,* 2018 WL

4701293, at *1. Accordingly, the claims of the plaintiffs must be separated into discreet civil actions and must undergo a preliminary review pursuant to 28 U.S.C. § 1915(e)(2).

**Therefore, the Clerk of Court is directed as follows**:

This civil action, 3:22-cv-00364, shall pertain only to Plaintiff Gregory A. Winston and shall be styled Gregory A. Winston v. West Virginia Department of Corrections and Rehabilitation; Western Regional Jail; Betsy Jividen; Carl Aldridge; and J. Moore. The Clerk is **ORDERED** to open a new civil action for Michael P. Jones, styled Michael P. Jones v. West Virginia Department of Corrections and Rehabilitation; Western Regional Jail; and M. Bryant.[1] Once the new civil action is open, Michael P. Jones shall be terminated as a party in this action. In the newly-opened action, this Order shall be docketed, followed by the Complaint filed herein, and the Standing Order in Re Assignment of Magistrate Judges. Upon the opening and docketing of the new case, the undersigned will conduct a preliminary review of each case.

The Clerk is directed to provide a copy of this Order to the plaintiffs.

**ENTERED:** August 30, 2022

Cheryl A. Eifert
United States Magistrate Judge

---

[1] Michael Jones asserts no allegations against Betsy Jividen, Carl Aldridge, or J. Moore. Accordingly, if he wishes to have these individuals named as defendants in his lawsuit, he will need to file an amended complaint that includes claims against the defendants.