IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**MICHAEL P. JONES,**

   **Plaintiff,**

v.               Case No. 3:22-cv-00366

**WEST VIRGINIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, et. al.,**

   **Defendants.**

### MEMORANDUM OPINION AND ORDER

   Pending is Plaintiff's Motion for Appointment of Counsel. (ECF No. 79). Having considered the motion, the Court **DENIES** same. As Plaintiff was previously advised, (ECF No. 10), he has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Generally, counsel is appointed in these cases only when there are exceptional circumstances to justify such an appointment; for example, when it is apparent to the Court that the *pro se* litigant has a colorable claim, but does not have the capacity to present it. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984). Inexperience with the law and status as a prisoner do not constitute "exceptional circumstances," especially in the pretrial stages of litigation. *Banks v. Gore,* 738 Fed. Appx. 766, 772 (4th Cir. 2018). Despite Plaintiff's belief to the contrary, the facts and legal issue underlying his claim are not complex, and he has been more than capable of presenting his claim to this point in the litigation. The relevant time frame is approximately one year—from September 2021

until Plaintiff's transfer to Huttonsville Correctional Center in September 2022—so the facts and witnesses are limited in scope and number. The claim is also narrow—did the staff of the Western Regional Jail and Correctional Facility violate Plaintiff's First Amendment rights? Thus, the case is manageable for someone without legal training.

Plaintiff indicates that he needs a lawyer to help him take depositions and conduct witness statements; however, his case concerns the refusal of the correctional facility's staff to allow him to receive specific publications and to participate in certain correspondence courses. Plaintiff does not explain why he requires depositions and witness statements when there are other forms of discovery readily available to him to establish what are likely uncontested facts. He also provides no details about any steps he has taken to retain counsel since his last request for a court-appointed attorney. Therefore, without a particular showing of need and without any renewed effort to find counsel, Plaintiff's inability to retain a lawyer is not a basis for the appointment of counsel. *Altevogt v. Kirwan*, No. CIV. WDQ-11-1061, 2012 WL 135283, at *3 (D. Md. Jan. 13, 2012) ("Altevogt's inability to retain counsel is not an exceptional circumstance."). Should circumstances change in the future—such as, the progression of this case to trial—the matter of the appointment of counsel can be reassessed. It is so **ORDERED**.

The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

**ENTERED:** June 14, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge