IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MICHAEL P. JONES,

        Plaintiff,

v.                              CIVIL ACTION NO.   3:22-00366

WEST VIRGINIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

On April 16, 2024, this Court issued its Memorandum Opinion & Order resolving Defendants' motion for summary judgment. *See Jones v. W. Va. Dep't of Corr. & Rehab.*, 2024 WL 1637534 (S.D. W. Va. Apr. 16, 2024). Although the Court granted Defendants' request for summary judgment, the Court determined Defendants did not move for summary judgment on Plaintiff Michael P. Jones's "legal mail" claim. *See id.* at *1, *5–*6 (reviewing amended complaint). As a result, the issue remained live. *See id.* at *6. The Court, therefore, remanded the case for further consideration. *See id.* at *6.

After a "careful review of the amended complaint," the Magistrate Judge issued a second Proposed Findings & Recommendation. *See* ECF No. 99. This time, the Magistrate Judge determined Jones "did not raise a claim regarding the opening and reviewing of his legal mail." *Id.* at 10. In other words, Jones "failed to provide sufficient factual allegations in the amended complaint, or elsewhere in the record, to state a plausible claim that one or more the individual defendants opened and reviewed his legal mail outside of his presence." *Id.* Altogether, the

Magistrate Judge recommends this Court dismiss Plaintiff Michael P. Jones's amended complaint and remove this case from the docket. *See id.* at 17.

Jones disagrees. On May 8, 2024, he filed objections to the second Magistrate Judge's Proposed Findings & Recommendation. *See* ECF No. 100. In his Objections, Jones makes two objections. *First*, Jones "objects to [the] amended complaint being dismissed in its entirety." *Id.* at 1. He argues he has "to the best of his ability . . . presented a matter of constitutional" importance. *Id. Second*, Jones argues his "legal books" were thrown away without notice in violation of "due process." *See id.* at 1–2. Neither argument persuades.

As to the first objection, Jones offers nothing but a "general and conclusory" disagreement with the Magistrate Judge's findings. *McPherson v. Astrue*, 605 F. Supp. 2d 744, 249 (S.D. W. Va. 2009). This is insufficient. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (requiring the objector to "direct the Court to a specific error in the [PF&R]").

As to the second objection, the Court finds Jones raises—for the first time—a new claim. In its Memorandum Opinion & Order, this Court suggested Jones may have raised a "legal mail" claim. *See Jones*, 2024 WL 1637534 at *5–*6. The Court emphasized "'legal mail' from an attorney to an inmate should generally be opened in the inmate's presence.'" *Id.* at *5. For guidance, the Court suggested the parties review *Haze v. Harrison*, 961 F.3d 654 (4th Cir. 2020). *See id.* at *6 n.6. There, the Fourth Circuit grounded a prisoner's right to have his legal mail opened in his presence in the First Amendment. *See Haze*, 961 F.3d at 658 (collecting cases).

Despite this guidance, Jones now argues the Defendants' failure to inform him of their decision to throw away his legal books violates the Fourteenth Amendment's Due Process Clause. *See* ECF No. 100 at 2. This is a new claim. Jones cannot raise it at this stage. *See, e.g.*, *Samples v. Ballard*, 860 F.3d 266, 274–75 (4th Cir. 2017) (holding a district court is not required to review

new issues raised for the first time in a petitioner's objections to a PF&R); *King v. United States*, 2012 WL 147904, at *5 (S.D. W. Va. Jan. 18, 2012) ("Generally, it is inappropriate for the Court to consider new arguments presented in a party's objections to a PF&R which the Magistrate Judge did not have the opportunity to consider.") (citation omitted).

Accordingly, the Court **DENIES** Jones' Objections to the Magistrate Judge's Proposed Findings & Recommendations (ECF No. 100). The Court **ADOPTS** the Magistrate Judge's Proposed Findings & Recommendations (ECF No. 99). The Court **DISMISSES** Jones' Amended Complaint and **REMOVES** this case from the Court's docket.[1]

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record, and any unrepresented parties.

ENTER: July 2, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[1] The Court reminds Defendants of their duty to open "legal mail" in the presence of its prisoners—even if they believe the prisoner receives prohibited materials. *See Haze*, 961 F.3d at 659 ("To be sure, Haze's receipt of the prohibited materials justifies the opening of his legal mail to check for the presence of contraband. But Defendants do not explain, as they must, why the did so *outside of Haze's presence*."). Qualified immunity does not shield Defendants against this claim. *See id.* at 660 & n.4. Should Jones believe he has evidence suggesting Defendants continue to open his legal mail outside his presence without sufficient justification, he remains free to file a new lawsuit. *See id.* at 659–60 (requiring evidence the prison officials acted with intentionality—not mere negligence).